# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

368
KA 13-01176
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V            MEMORANDUM AND ORDER

MATTHEW A. DAVIS, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MATTHEW A. DAVIS, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered April 18, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), burglary in the first degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of two counts of murder in the second degree and dismissing counts one and two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [3]) and one count each of burglary in the first degree (§ 140.30 [2]) and robbery in the first degree (§ 160.15 [1]). According to the evidence at trial, defendant and his two female accomplices came up with a plan to rob a man whom one of the accomplices had befriended on Facebook. Pursuant to the plan, the accomplices made arrangements with the victim to meet him alone at his apartment and, after socializing with the victim for a while, one of the accomplices left the apartment and held the door open so that defendant could enter. As defendant entered the apartment, the remaining accomplice fled, and a struggle ensued between defendant and the 41-year-old victim, who was overweight and had heart disease. At some point during or after the altercation, the victim suffered a fatal heart attack. Defendant left the apartment with a bag of stolen property, and the victim's body was found by relatives two days later. According to the autopsy report, the victim sustained a fractured jaw, lacerations on his face, and abrasions on his knees and right elbow. The physician who performed the autopsy concluded that the cause of death was "Hypertensive Cardiovascular Disease," with obesity being a

contributing factor.

We agree with defendant that the evidence is legally insufficient to support the conviction of the felony murder counts because the People failed to prove beyond a reasonable doubt that his actions caused the victim's death.  A person is guilty of felony murder when, during the commission or attempted commission of an enumerated felony, either the defendant or an accomplice "causes the death of a person other than one of the participants" (Penal Law § 125.25 [3]).  A person "causes the death" of another person "when the . . . culpable act is 'a sufficiently direct cause' of the death *so that the fatal result was reasonably foreseeable*" (*People v Hernandez*, 82 NY2d 309, 313-314 [emphasis added]).  Such a culpable act is a sufficiently direct cause of death when it is "an actual contributory cause of death, in the sense that [it] 'forged a link in the chain of causes which actually brought about the death' " (*Matter of Anthony M.*, 63 NY2d 270, 280, quoting *People v Stewart*, 40 NY2d 692, 697).  "An obscure or a merely probable connection between an assault and death will, as in every case of alleged crime, require acquittal of the charge of any degree of homicide" (*People v Brengard*, 265 NY 100, 108).

Here, we conclude that the People failed to prove beyond a reasonable doubt that it was reasonably foreseeable that defendant's actions, i.e., unlawfully entering the victim's apartment and assaulting him, would cause the victim's death.  As noted, the victim died of a heart attack, and the injuries inflicted upon him by defendant were not life threatening.  Indeed, the most serious injury inflicted was a fractured jaw.  Although the Chief Medical Examiner testified for the People at trial that defendant caused the victim's death, she explained that her opinion in that regard was based on her assertion that, "but for" defendant's actions, the victim would not have died of a heart attack.  As the court properly instructed the jury, however, "more than 'but for' causation [is] required" to establish felony murder (*Hernandez*, 82 NY2d at 318).  Notably, the Chief Medical Examiner did not testify that defendant's culpable act was a direct cause of the death or that the fatal result was reasonably foreseeable.  We thus conclude that the evidence is legally insufficient to establish that defendant committed felony murder, as charged in counts one and two of the indictment, and we therefore modify the judgment accordingly.

We reject defendant's further contention that the remaining counts, charging burglary and robbery in the first degree, must be dismissed because the People failed to corroborate the testimony of the accomplice who testified at trial, as required by CPL 60.22 (1). The accomplice's testimony was amply corroborated by, inter alia, a surveillance video from a camera inside the victim's apartment building and telephone records showing numerous cell phone calls between defendant and the accomplice shortly before and immediately after the crimes were committed (*see generally People v Reome*, 15 NY3d 188, 191-192; *People v Taylor*, 87 AD3d 1330, 1331, *lv denied* 17 NY3d 956).

We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants reversal or further modification of the judgment.