Appeal from a judgment of the Niagara County Court (Mat *1422 thew J. Murphy, III, J.), rendered April 18, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), burglary in the first degree and robbery in the first degree. The judgment was modified by order of this Court entered March 27, 2015 in a memorandum decision (126 AD3d 1516 [2015]), and defendant and the People on September 3, 2015 were granted leave to appeal to the Court of Appeals from the order of this Court (26 NY3d 966 [2015]), and the Court of Appeals on November 21, 2016 modified the order and remitted the case to this Court for consideration of the facts (28 NY3d 294 [2016]).
Now, upon remittitur from the Court of Appeals,
It is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Davis, 28 NY3d 294 [2016], modfg 126 AD3d 1516 [2015]). We previously modified the judgment of conviction by reversing those parts convicting defendant of two counts of murder in the second degree (Penal Law § 125.25 [3]) and dismissing those counts of the indictment. We concluded that the People failed to prove beyond a reasonable doubt that defendant’s actions caused the victim’s death and thus failed to establish defendant’s guilt of the two counts of felony murder (Davis, 126 AD3d at 1516-1517). We otherwise affirmed the judgment insofar as it convicted defendant of burglary in the first degree (§ 140.30 [2]) and robbery in the first degree (§ 160.15 [1]). In modifying our order, the Court of Appeals concluded that the evidence at trial was legally sufficient to support defendant’s conviction of two counts of felony murder. The Court wrote that, based on the evidence presented by the People, “the jury could have reasonably concluded that defendant’s conduct was an actual contributory cause of the victim’s death” and “that the victim’s heart failure, induced by the extreme stress and trauma of such a violent assault, was a directly foreseeable consequence of defendant’s conduct” (Davis, 28 NY3d at 301-302).
After addressing the issues raised by defendant on his appeal from our order, the Court of Appeals affirmed the remainder of our order and remitted the matter to this Court “for consideration of the facts” (id.; see CPL 470.40 [2] [b]). Those facts have been considered and are determined to have been established. Inasmuch as defendant did not raise any challenge to the weight of the evidence in his appeal to this *1423 Court, we do not address that issue.
Present—Centra, J.P., Peradotto, Lindley and DeJoseph, JJ.